142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Perry A. MCCULLOUGH, Defendant-Appellant.
 No. 97-10035.
D.C. No. CR-89-00251-EJG.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Edward J. Garcia, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Perry A. McCullough appeals pro se the district court's order denying in part his 28 U.S.C. § 2465 motion for the return of property criminally forfeited under 21 U.S.C. § 853 in connection with McCullough's drug convictions. He also appeals the district court's order denying his motions for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a motion for return of property, cf. United States v. Kow, 58 F.3d 423, 426 (9th Cir.1995) (motion to return seized property under Fed.R.Crim.P. 41(e)), and we affirm.
 
 
 3
 McCullough contends that the district court should have exercised its equitable power to make him whole because the government violated its duty under section 853(e) to preserve the availability of all property listed in the indictment prior to the order of forfeiture. Specifically, he argues that the government was required to seek a restraining order to prevent mortgage holders from foreclosing on McCullough's property listed in the indictment when McCullough failed to make his monthly mortgage payments after his arrest. However, nothing in the language of section 853(e) indicates that the government is required to seek a restraining order, nor that the court is required to enter such an order even when sought by the government. See 21 U.S.C. § 853(e)(1) (Supp.1998) ("Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property") (emphasis added). Because no restraining order was in place, the mortgage holders were free to institute foreclosure proceedings when McCullough stopped making his payments.
 
 
 4
 McCullough also contends that the district court erred by deleting from the final forfeiture order: (1) property named in the indictment which was never forfeited or was transferred to third parties; (2) an airplane which was forfeited in a separate civil proceeding; and (3) his girlfriend's car. These arguments are completely unavailing. McCullough obviously is not entitled to the return of property which was never forfeited, and the district court had no jurisdiction to order the return of property forfeited in a separate civil proceeding. Furthermore, McCullough lacks standing to challenge the forfeiture of his girlfriend's car because he had no legal interest in it.
 
 
 5
 McCullough also raises claims which we do not address either because they were not properly raised below, see Center Art Galleries-Hawaii, Inc. v. United States, 875 F.2d 747, 748 n. 1 (9th Cir.1988), or because they are not properly raised in a section 2465 motion, cf. Ramsden v. United States, 2 F.3d 322, 324 (9th Cir.1993) (noting that relief available under Rule 41(e) motion is limited to return of property actually seized by the government).[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the government's request, we take judicial notice of the district court's order granting defendant's motion for summary judgment in McCullough v. Couris & White, CV. S-92-2052-EJG (E.D .Cal. Nov. 3, 1997). See Fed.R.Evid. 201 (1994). We also take judicial notice of the documents submitted by McCullough in his amended excerpts of record